UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC KRIEG, )<br>)<br>Defendant. ) | Cause No. 2:17-cr-146<br>2:19-cv-273 |

## OPINION AND ORDER

Eric Krieg filed a motion to correct his sentence under Federal Rule of Civil Procedure Rule 60(b)(6). [DE 212 in Case No. 2:17-cr-146; DE 10 in Case No. 2:19-cv-273.][1] For the reasons articulated below, this motion is really a second successive petition under 28 U.S.C. § 2255, so it must be dismissed since Krieg did not receive a certificate of appealability from the appellate court.

## Background

Krieg brings the present Rule 60 motion claiming that he and the Government stipulated that the 7-year mandatory minimum sentence imposed for violating Count 3 should run consecutive to the sentence imposed for violating Counts 1, 2, and 5, and the fact that he was ultimately sentenced to a total sentence of 348 months (with no counts running consecutive to others), breached his plea agreement. [DE 212.] He claims he "would have liked to have been sentenced per the stipulation" because if Count 3 served consecutively to the other counts of conviction, "he could earn FTCs during the

---

[1]The remainder of this order will just refer to the docket entries in the main criminal case, 2:17-cr-146.

first 264 months of his 348 month sentence, a significant benefit that would allow Krieg to apply his FTC's toward a year off his sentence, a year of halfway house, and six months of home detention." [DE 212 at 7.]

It is true that the plea agreement entered into between Krieg and the government contained a provision stating "I understand that the 7-year mandatory minimum sentence imposed for violating Count 3 shall run consecutive to the sentence imposed for violating Counts 1, 2, and 5." [DE 28 at 4.] It also included a binding recommendation to the court that Krieg receive a sentence of 29 years imprisonment. [*Id.* at 4-5.] Finally, as part of the plea agreement, Krieg expressly waived his rights to appeal or to contest his conviction and all components of his sentence or the manner in which the sentence was determined or imposed on any ground other than ineffective assistance of counsel. [*Id.* at 5-6.]

This case used to be assigned to the Honorable Joseph S. Van Bokkelen and it was just recently reassigned to me. After pleading guilty, back in April 4, 2019, Judge Van Bokkelen sentenced Krieg on Counts 1, 2, 3, and 5, for a total term of imprisonment of 348 months. [DE 42.] Within a few months, Krieg filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 44.] Following extended briefing on that motion, Judge Van Bokkelen issued an order denying the section 2255 on all issues except whether Krieg had asked his counsel to file a notice of appeal. As to that issue, Judge Van Bokkelen referred the matter to Magistrate Judge John Martin to

2

conduct an evidentiary hearing.[2] [DE 114.]

In his 2255 motion, Krieg brought up the same argument as he does here, claiming he would not have accepted the plea agreement if his counsel had advised him that his sentence on Count 3 could be sentenced to run concurrently with his sentences on the other convicted counts. [DE 44 at 5-8.] Judge Van Bokkelen addressed this in his order denying the section 2255, going back to the change of plea colloquy, and noting that Krieg was specifically warned "do you understand that the sentence for each count may be ordered to be served concurrently or consecutively with the other?" and he answered, "yes." [DE 114 at 15.] Judge Van Bokkelen had further warned him that "[i]f a sentence is served concurrently with another, it means both are served at the same time," and ensured Krieg had discussed all of this with his lawyer. *Id.* This argument, along with others in the 2255, were found unpersuasive, and Krieg's 2255 was denied.

Krieg filed a notice of appeal and request for a certificate of appealability as to the denial of his 2255. [DE 168.] The Seventh Circuit denied the request for a certificate of appealability, *see Krieg v. United States*, No. 23-2556, 2024 WL 3595398 (7th Cir. May 7, 2024), and in an order dated July 25, 2025, affirmed the district court's decision on Krieg's section 2255 motion [DE 210]. In the meantime, Krieg had also filed with the district court a motion for reconsideration under Rule 60(b) and amended motion under

---

[2] Ultimately Judge Martin held an evidentiary hearing on the matter of whether Krieg asked his counsel to file a notice of appeal on November 1, 2022, and issued his findings and recommendation, finding that Krieg did not request his attorney file a notice of appeal. [DE 137, 152.] Judge Van Bokkelen then issued an order adopting Judge Martin's findings, denying the remaining portion of the 2255, and denying a certificate of appealability. [DE 153.]

Rule 60(b). [DE 172, 174.] Judge Van Bokkelen denied the amended Rule 60(b) motion for lack of jurisdiction since Krieg had not received permission to bring a second 2255 motion. [DE 209.] Krieg also sought petition for a writ of certiorari, which was denied by the Supreme Court of the United States on October 7, 2024. *Krieg v. United States*, 145 S. Ct. 337, 2024 WL 3595398 (Oct. 7, 2024).

In front of me now is Krieg's most recent filing to correct his sentence under Federal Rule of Civil Procedure 60(b). [DE 212.] The government filed a response in opposition. [DE 213.] Because Krieg's motion is in actuality a second § 2255, it must be dismissed.

## Discussion

Krieg styles his motion as a motion to correct sentence under Federal Rule of Civil Procedure 60(b)(6). [DE 212.] Rule 60(b) provides that a court may relieve a party from a final judgment only in certain circumstances like mistake, newly discovered evidence, fraud, the judgment is void, if the judgment has been satisfied, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). This statute provides relief only in the most "extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (citations omitted).

A party invoking this rule must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018). As that Court explained:

> Rule 60(b) relief is thus different than post-conviction relief under

4

> 18 U.S.C. § 2255 which is meant to challenge a sentence upon the ground that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .'. 28 U.S.C. § 2255(a). Ordinarily a defendant has but one chance at post-conviction relief under 28 U.S.C. § 2255 to set aside or correct his sentence, except in the case of newly discovered evidence or a new rule of retroactively applied constitutional law – neither of which is at issue here. *See* 28 U.S.C. § 2255(h). The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255. See 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 9900, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only this [appellate] court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

*Id.* Therefore, if a Rule 60(b) motion is, effectively, asking for relief that one would ask for in a motion under section 2255, such a motion would be subject to the same restrictions or requirements for successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). As the Court on *Gonzalez* explained:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or actual-innocent provisions.

*Id.* at 529-30 (emphasis in original).

So, when a petitioner like Krieg has already been heard in post-conviction

proceedings and then attempts to reopen the proceedings by moving under Rule 60(b), my first task is to determine whether the petitioner "has in reality filed an unauthorized second or successive petition." *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015). Otherwise, "Rule 60 could be used to circumvent the statutory limitation on successive motions under § 2255." *Adams*, 911 F.3d at 404.

In the current motion, Krieg argues the plea agreement was a contract between him and the government which was breached when the Court sentenced him to 348 months total, instead of imposing a consecutive sentence on Count 3. [DE 212 at 6-12.] This is a substantive argument (there are no allegations of a procedural error that could potentially constitute a viable Rule 60(b) motion after a failed section 2255 under *Gonzalez*, 545 U.S. at 531-32). Moreover, Krieg hasn't raised a new issue to review - instead, he has re-raised the same argument he set forth in his section 2255 motion, his previous motion to reconsider under Rule 60(b), and his appeal. This argument has failed at every step along the way and even though Krieg once again tries to cast his motion as falling under Rule 60, his argument clearly constitutes another collateral attack on his sentence. As the Seventh Circuit has reiterated, "[p]risoners cannot avoid the AEDPA's rules by inventive captioning . . . Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).

Krieg already filed, and lost, his section 2255 action, and he offers no evidence that the Seventh Circuit has approved of the instant motion. Because Krieg has not

6

received leave to file a successive section 2255 motion, this Court lacks jurisdiction to consider this motion. *See United States v. Reyes*, No. 2:10-CR-109-10-TLS, 2021 WL 76761, at *1 (N.D. Ind. Jan. 8, 2021); *Suggs v. United States,* 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear [a successive section 2255 motion]."); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it.").

## Conclusion

For the aforementioned reasons, Krieg's motion to correct his sentence under Federal Rule of Civil Procedure Rule 60(b)(6) [DE 212 in Case No. 2:17-cr-146; DE 10 in Case No. 2:19-cv-273], properly characterized as a successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255, is hereby DENIED for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h).

ENTERED: October 10, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT